## NEWTON SNOW *vs*. THE INHABITANTS OF ADAMS.

Obstructions in a highway, though not on the travelled part, are defects, for injuries caused by which towns are responsible, under the statute (Rev. Sts. *c*. 25, § 22), whether placed there by the owner of the soil, over which the highway is laid, or by others.

In an action on the case, against a town, on the Rev. Sts. *c*. 25, § 22, it is sufficient, in the declaration, to describe the highway as "a common road or highway, leading from the south village in Adams aforesaid, to the south line of said Adams, near to Jenks's factory in Cheshire;" but if such description leave the precise road intended in doubt, the defendants should require the plaintiff to give a more particular description, before going to trial; such want of certainty cannot be made the subject of a motion in arrest of judgment.

Where, in an action on the Rev. Sts. *c*. 25, § 22, it was averred in the declaration, "that said common road or highway was then and there greatly defective and obstructed by large quantities of logs, planks, slabs, and boards, piled up and extending along either side of said highway or common road, and so near to the beaten track and travelled path, as to be a great nuisance, and dangerous to travellers and passengers, with their horses and carriages, and that said highway or common road was blocked up and the limits of travel so narrowed and

Snow *v.* Inhabitants of Adams.

obstructed, as to render the same hazardous and dangerous to travellers and passengers ; " which defects, &c., the defendants had long suffered to remain, &c., and that the plaintiff, on, &c., was carefully driving a horse and buggy, " in and upon that part of said highway, or common road, so defective, out of repair, and obstructed as aforesaid," and that his buggy was upset by means of such obstructions, to wit, " by certain logs, planks, slabs and boards, permitted by the defendants to lie within the limits of said road, and near to the travelled path or beaten track," &c. ; this was held to be a sufficient averment, that the obstructions were within the highway.

In an action on the Rev. Sts. *c.* 25, § 22, it is not necessary to a description of the defects or obstructions complained of, that the length and breadth of the nuisance should be alleged.

THIS was an action on the case, to recover damages for an injury sustained by the plaintiff, while travelling on a highway in Adams, on the 29th of July, 1846. The highway in question was laid out four rods, and the travelled part directed to be made sixteen feet, in width. The trial was before *Forbes, J.,* in the court of common pleas.

It was in evidence, on the part of the plaintiff, that, at the time of the alleged injury, he was travelling in a one horse wagon, in and along the highway referred to ; that, when near the factory of the Messrs. Arnolds, his horse suddenly took fright, and sheered to the west side of the road ; that, in consequence, the wagon came in contact with a log, the end of which was towards the occupied travelled path, and was thereby partly upset ; that the plaintiff, by the upsetting of the wagon, was thrown down upon some boards, which were on the log above mentioned and another lying parallel with it, and was thereby injured.

The plaintiff also introduced evidence, tending to prove the existence of other obstructions on the opposite side of the highway, for the purpose of showing that such obstructions might have been the means of frightening the horse ; but there was no positive evidence of the cause of the fright.

It was admitted, or in evidence, on the part of the defendants, that the Messrs. Arnolds were the owners of the fee of the highway ; that the logs were placed by them within the limits of the highway, in the month of June previous, for the purpose of hewing thereon the lumber for the frame of their factory, which was then building ; that, when the factory

was finished, which was a few days previous to the accident, the boards and other materials remaining were piled by the Messrs. Arnolds, for their own convenience, on the logs above mentioned, and were there at the time of the injury complained of; that, notwithstanding the alleged obstructions, a safe and convenient travelled way of more than sixteen feet in width was left; and that the obstructions were not such as to cause any danger or inconvenience to the public in the use of the road.

The defendants objected, in the course of the trial, that they were not liable, under the statute, for an injury caused by obstructions placed within the limits of the highway by the Arnolds, as above stated; but the judge ruled otherwise.

The plaintiff contended, that the logs and lumber were an obstruction within the limits of the highway, for the existence of which, and for the injury thereby sustained, the defendants were liable in this action.

The defendants contended, that towns are only liable for obstructions within the travelled path, or so near it as to be evidently dangerous; that when owners of the soil, over which a way is located, place materials within the limits of the highway (out of the travelled path), which, by men of ordinary care and prudence, would not be regarded as exposing to injury the persons or property of travellers, or those in the lawful enjoyment of the road; and when no complaint regarding the materials has been made, nor express notice given to the town of their being obstructions, in which case, the materials may have so remained for a long time; that, though an accident, resulting in an injury to the person or property of a traveller, may happen by reason of the materials so placed, yet, for such cause, the town would not be liable.

But the jury were instructed, that it was incumbent on the plaintiff to prove, that, by reason of these obstructions, the highway was rendered defective, unsafe, and inconvenient for travellers, with their horses, teams and carriages; that the injury was received in consequence of such defects; that, for

the purpose of showing that the injury arose from a defect in the highway, and not from the fault of the plaintiff, he must prove that he was using a horse that was gentle and manageable, and free from the vice of shying, and that he was driving with ordinary skill and care; that he must further prove, that the defect had existed for the space of twenty-four hours before the injury; and that if, upon the evidence, the jury should find these facts in favor of the plaintiff, the defendants would be liable.

The jury returned a verdict for the plaintiff, on these instructions, and the defendants filed exceptions thereto, so far as the same were unfavorable to them.

The defendants also moved in arrest of judgment, in this court, for the following alleged defects in the plaintiff's declaration :

1. That it contains no sufficient description of the highway complained of.

2. That it contains no proper averment or allegation, that the obstructions in question were in and upon any highway in Adams.

3. That it contains no proper or sufficient description of the defects or obstructions complained of.

Those parts of the declaration, which were relied upon to sustain the motion in arrest, are particularly stated in the opinion of the court.

*I. Sumner,* for the defendants, in support of the exceptions, referred to *Howard* v. *N. Bridgewater,* 16 Pick. 189, and *Lobdell* v. *New Bedford,* 1 Mass. 153 ;—in regard to the second ground of the motion in arrest, to *Comm'th* v. *Allen,* 11 Met. 403, and *Comm'th* v. *Hall,* 15 Mass. 240 ;—and, as to the third, to 3 Chitty C. L. (4th Am. Ed.) 587, 605, and Hawk. P. C. c. 76, §§ 229, 231.

*H. W. Bishop,* for the plaintiff.

METCALF, J.   We are of opinion that the ruling of the judge who tried the cause was correct.   Obstructions are defects in a road; and towns are no less liable for injuries caused by obstructions placed in a road by individuals, than

for injuries caused by any other defects. *Bigelow* v. *Inhab'ts of Weston*, 3 Pick. 267; *Frost* v. *Inhab'ts of Portland*, 2 Fairf. 271; *French* v. *Inhab'ts of Brunswick*, 8 Shep. 29. It is the duty of towns to keep their roads, at all seasons, safe and convenient for travellers; and they are as much bound to remove obstructions caused by the owners of the soil over which the road is laid, as any other obstructions.

We are also of opinion that the instructions to the jury, to which the defendants have excepted, were correct. Indeed we perceive nothing in them, which is not included in the ruling previously made. The exceptions are therefore overruled.

The defendants have filed a motion in arrest of judgment, and have, in argument, made three objections to the plaintiff's declaration. The first is, that it does not contain a sufficient description of the road. The description is this: "A common road or highway, leading from the south village in Adams aforesaid, to the south line of said Adams, near to Jenks's factory in Cheshire; which said common road or highway the said inhabitants of said town of Adams were then, long before, and ever since, and now are, by law obliged to keep in repair," &c. This seems, from the reading, to be a description sufficient for all useful or legal purposes. If, however, it could have left the defendants in doubt respecting the very road intended by the plaintiff they should have asked him to give them a more minute description, before going to trial.

The next objection to the declaration is, that it does not aver that the obstructions were within the road. But we find the fact to be otherwise. The averments are, "that said common road or highway was then and there greatly defective and obstructed by large quantities of logs, planks, slabs and boards, piled up and extending along either side of said highway or common road, and so near to the beaten track and travelled path, as to be a great nuisance, and dangerous to travellers and passengers, with their horses and carriages, and that said highway or common road was blocked up, and the

limits of travel so narrowed and obstructed, as to render the same hazardous and dangerous to travellers and passengers; which defects, want of repairs, and obstructions, the defendants had long and unnecessarily suffered to remain, endangering the lives and property of the citizens of this commonwealth ; and that the plaintiff was, on the said 29th day of July aforesaid (1846), carefully driving a horse, attached to a buggy, in and upon that part of said highway or common road, so defective, out of repair, and obstructed, as aforesaid, and that his said buggy was upset by means of said obstructions, to wit, by certain logs, planks, slabs and boards, permitted by the defendants to lie within the limits of said road, and near to the travelled path or beaten track ; and the plaintiff was thrown out," &c.   This part of the declaration is not very compactly framed; but when all of it is taken together, it sets forth, with sufficient clearness, that the obstructions complained of were within the limits of the road.   If there had been only the first averment, namely, that " said road was obstructed by large quantities of logs, &c., piled up and extending along either side of said highway," the declaration might, perhaps, have been defective.

The last objection made to the declaration is, that the obstructions are not therein sufficiently described.   In some of the old English books, it is said that in an *indictment* for a nuisance in a highway, it is necessary to allege the length and breadth of the nuisance.   But it has been held, for nearly a century, that this particularity is unnecessary.   *Rex* v. *Smith,* Sayer, 98; *Rex* v. *Brookes,* Sayer, 167 ; *Rex* v. *Inhab'ts of East Lidford,* Sayer, 301.   *A fortiori* is it unnecessary in a civil action.

The motion in arrest is overruled, as well as the exceptions, and the plaintiff will have judgment on the verdict.